

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-18-2009

# USA v. Andrew Yao

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-1977

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Andrew Yao" (2009). *2009 Decisions.* Paper 1174.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1174

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-1977
_____

UNITED STATES OF AMERICA

v.

ANDREW N. YAO,

Appellant

On Appeal from the United States District Court
for the District of Delaware
(D. C. No. 01-06-cr-00027-001)
District Judge:  Hon. Gregory M. Sleet

Argued on May 12, 2009

Before:  AMBRO, ROTH and ALARCÓN*, Circuit Judges

(Opinion filed: June 18, 2009)

Mark E. Cedrone, Esquire **(Argued)**
Cedrone & Janove
Public Ledger Building, Suite 940
150 South Independence Mall West
Philadelphia, PA   19106

Counsel for Appellant

_____

*Honorable Arthur L. Alarcón, Senior United States Circuit Judge for the Ninth
Circuit Court of Appeals, sitting by designation.

Colm F. Connolly, Esquire
United States Attorney
Shannon T. Hanson, Esquire **(Argued)**
Assistant United States Attorney
1007 N. Orange Street, Suite 700
P. O. Box 2046
Wilmington, DE   19899-2046

Counsel for Appellee

---

O P I N I O N

---

**ROTH**, Circuit Judge:

Andrew Yao appeals from a judgment of conviction for making a false oath in a bankruptcy proceeding, in violation of 18 U.S.C. § 152(2).  The District Court had jurisdiction pursuant to 18 U.S.C. § 3231.  This Court has jurisdiction pursuant to 28 U.S.C. § 1291.  We assume the parties' familiarity with the facts and the record of prior proceedings, which we describe only as necessary to explain our decision.  We will affirm.

Yao's sole complaint is directed at the District Court's instruction on the fraudulent intent required to prove a violation of 18 U.S.C. § 152(2).  The District Court defined "fraudulently" to require an "intent to deceive the trustee, the creditors, the bankruptcy court, or any other person or entity."  Yao argues that the District Court should have limited the potential object of the "intent to deceive" to "the trustee, the creditors, or the bankruptcy court."

2

During trial, Yao did not object to the language "or any other person or entity" in the "fraudulent" jury instruction. Indeed, the words were added to the instruction at the District Court's suggestion as a compromise between Yao's suggested lengthy "intent to defraud" instruction and the government's open-ended "intent to deceive" language, and both parties approved the language before it was used in the preliminary instructions. The "or any other person or entity" language was used again following the prayer conference and a final time after the jury asked a question during deliberations, and never did defense counsel put a "clear, specific objection" to that language on the record. *See United States v. Zehrbach*, 47 F.3d 1252, 1260 n.6 (3d Cir. 1995). Accordingly, we review the instruction only for "plain error." *Id.*

Plain error is "found 'sparingly and only where the error was sure to have had unfair prejudicial impact on the jury's deliberations.'" *United States v. Thayer*, 201 F.3d 214, 221–22 (3d Cir. 1999) (quoting *Zehrbach*, 47 F.3d at 1263 n.9). Moreover, "we should exercise our discretion to correct the error [only] where the defendant is actually innocent, or where, regardless of the defendant's innocence or guilt, the error seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Gordon*, 290 F.3d 539, 543 (3d Cir. 2002). We find no such problem here. Yao lied to creditors' counsel about transfers of funds he made from corporate debtor's accounts. He told these lies while under oath during his deposition as part of bankruptcy proceedings, and they concern a fact material to the debtor's bankruptcy—what Yao did with over

3

$800,000 of the debtor's assets.  We have reviewed the record and are satisfied that the evidence would overwhelmingly support the verdict even if the jury instructions had not included the disputed language.[1]

Accordingly, we will affirm the judgment of conviction.

---

[1]We thus do not decide whether conviction under 18 U.S.C. § 152(2) typically requires an "intent to deceive" any person or an "intent to deceive the creditors, the trustee, or the bankruptcy court."